THE STATE OF NORTH DAKOTA, ex rel. C. F. Truax and C. D. Colcord, copartners under the firm name and style of Truax & Colcord, Respondents, v. W. M. SMART, as president of, and C. D. SHAFT, OTTO GROSS, D. W. BOWKER, and A. BRATSBERG, as members of the Board of City Commissioners of the City of Minot, North Dakota, and Karl Dickinson, City Auditor of said City of Minot and H. E. Montgomery, J. C. Blaisdell and G. S. Reishus, as members of the Special Assessment Board of said City, Appellants.

(184 N. W. 623.)

**Statutes — initiated measure amended or repealed only by a two-thirds vote of all members elected to each house.**

1. Article 26 of the Amendments to the state constitution requires a two-thirds vote of all the members elected to each house of the legislative assembly to effect an amendment or repeal of any initiated measure adopted by the electors.

**Newspapers — city special assessment notices must be published in elected official newspapers in such cities.**

2. § 5 of chap. 187 of the Laws of 1919, as amended by an initiated measure approved at the general election in 1920, requires the publication in the elected official newspaper of special assessment notices in cities in which such official newspapers are published.

Opinion filed Sept. 22, 1921.

Appeal from district court of Ward County, *Lowe,* J.

Affirmed.

*John J. Coyle,* for appellants.

*McGee & Goss,* for respondent.

BIRDZELL, J. This is an appeal from a judgment awarding a peremptory writ of mandamus. The facts upon which the judgment is based are as follows:

The relators, Truax & Colcord, are the owners of a paper published in the city of Minot and known as the Ward County Independent. This paper was a candidate upon the election ballot of 1920 for official news-

paper, and, receiving a majority of the votes cast at the election, it was elected official newspaper and qualified as such. The defendants·in this action are the members of the city commission, members of the special assessment board, and the city auditor of the city of Minot. Just prior to the beginning of the action the defendants had prepared for publication nine notices of special assessments which are required by law to be published, once each week for two successive weeks before being spread on the tax lists. The defendants refuse to cause the publication of these notices in the Ward County Independent. They base their refusal on the ground that the city commissioners had previously designated the Minot Daily News, a paper of general circulation in Minot and northwestern North Dakota, as the official newspaper of the city; and it is the contention of the defendants that the notices of special assessments may properly and legally be published in the Minot Daily News as the official newspaper of the city.

The question presented is a narrow one, depending upon the construction of recent legislation. Chap. 187 of the Laws of 1919 is an act entitled "An act providing for the selection and designation of one state, county and municipal official newspaper in each county in the state, prescribing the manner of its selection and duties." § 5 of this act provides that—

The official newspaper chosen in the manner prescribed by the preceding sections as the state, county, and municipal official newspaper, "shall publish all official proceedings of the board of county commissioners in said county and all other notices and publications that are now required by law to be published by county officers; all summons, citations, notices, orders and other process in actions or proceedings in the Supreme, district, county or justice courts, which are or may hereafter be required by law to be published in the respective counties of the state. All publications of every nature that now are or may hereafter be required to be published by state officers, elective or appointive; all notices of foreclosure of real estate or chattel mortgages or other liens on real estate or personal property foreclosed by advertisement in said county; and all legal notices of whatsoever kind and character required by law to be published or which may hereafter be required to be published in said county. Provided, however, that in organized cities, towns and villages where no official newspaper is published, said city, town or village, board, council or commission may designate an official newspaper for the pub-

lication of such notices; and legal publications as are now or hereafter may be required by law for said cities, towns and villages, including legal notices and official statements of the schools within such cities, towns and villages, and the statements of banks and other corporations therein; *but, in cities, towns or villages where the state, county and municipal official newspaper is published such notices and legal publications as are now or may hereafter be required by law to be published, shall be published in such official newspaper."*

(The italicized portion is applicable to the case in hand by reason of the fact that the Ward County Independent is published in the city of Minot.)

The section quoted above was amended by an initiated measure submitted at the general election in November, 1920. This section, as embraced in the initiated measure, is as follows:

"No. 5. *Defining Duties of Such Official Newspaper.*—Such official newspaper as shall be chosen by the voters in said county as the state, county and municipal official newspaper therein, shall publish all official proceedings of the board of county commissioners in said county and all other notices and publications that are now required by law to be published by county officers; all publications of every nature that are now, or may hereafter be, required to be published by state officers, elective or appointive. Provided, however, that in organized cities, towns and villages where no official newspaper is published, said city, town, or village board, council or commission may designate an official newspaper for the publication of such notices and legal publications as are now or hereafter may be required by law for said cities, towns and villages, including legal notices and official statements of the schools within such cities, towns and villages, but in cities, towns or villages where the state, county and municipal official newspaper is published such official notices and legal publications as are now or may hereafter be required by law to be published, shall be published in such official newspaper."

The text of the original section was not changed in the initiated measure, except that in the latter certain matters such as summons, citations, orders, and other process in court proceedings, foreclosure notices, and corporation statements were omitted, so that their publication would not be required in the official newspaper. The initiated measure was carried in the general election.

In the legislative session of 1921 the following statute was enacted:

"An act to compel city councils to publish proceedings of all meetings in official paper to be designated by them.

"Be it enacted by the Legislative Assembly of the State of North Dakota:

"Section 1. *Publication of Proceedings.*—Hereafter it shall be the duty of city councils to cause to be published in an official paper, designated by them, a complete record of all proceedings of said councils.

"Sec. 2. *Repeal.*—All acts or parts of acts, in so far as they conflict with the provisions of this act are hereby repealed."

This act was passed in the Legislature by the following vote: In the Senate, ayes 45, nays 0, in the House of Representatives, ayes 67, nays 22; absent and not voting, 24. Sixty-seven is less than two-thirds of the membership elected to the House of Representatives. Article 26 of the Amendments of the State Constitution provides that no measure enacted or approved by a vote of the electors shall be repealed or amended by the Legislature except upon a yea and nay vote upon roll call of two-thirds of all the members elected to each house. Conceding—though it is not decided —that chap. 35 of the Session Laws of 1921 would, if properly enacted, authorize the publication of special assessment notices in the official newspaper designated by a city commission, we have to determine whether or not it can be given that effect as against the requirements contained in § 5 of chap. 187 as amended by the initiated measure.

We are clearly of the opinion that the initiated law requires the publication in the elected official newspaper of special assessment notices in cities in which such official newspapers are located; and there being no amendment or repeal of this law, enacted by the Legislature by the requisite two-thirds vote, it remains in full force and effect.

While counsel have argued the question of the constitutionality of chap. 35 of the Laws of 1921, and also whether it be partially or wholly unconstitutional, we find it unnecessary to consider these matters.

The judgment appealed from is affirmed.

ROBINSON, C. J., and GRACE, BRONSON, and CHRISTIANSON, JJ., concur.