STATE RECORD PUBLISHING COMPANY, a Corporation, Appellant, v. THE STATE OF NORTH DAKOTA, and R. A. Nestos, Thomas Hall, D. C. Poindexter, George F. Shafer, Minnie J. Nielson, and Carl Kositzky, Constituting the Board of University and School Lands of the State of North Dakota, and the Bismarck Tribune Co., a Corporation, Respondents.

(195 N. W. 434.)

**Newspapers — state not required to publish notices of foreclosure of mortgages in official newspaper.**

The initiated measure adopted in November, 1920 (Laws 1921, p. 256), concerning official newspapers construed and held not to require the publication of notices of foreclosure of real estate mortgages given to the state in the official newspaper of a county.

Opinion filed October 13, 1923.

Newspapers, 29 Cyc. p. 695 n. 8.

In District Court, Burleigh County, *Jansonius, J.*

Plaintiff has appealed from orders sustaining a demurrer to the complaint and dismissing the action.

Affirmed.

*William Langer, S. L. Nuchols,* and *C. L. Crum,* for appellant.

*Geo. F. Shafer,* Attorney General, and *Rheinhart J. Kamplin,* Assistant Attorney General, for respondents.

"The text of the original section was not changed in the initiated measure except that in the latter certain matters such as summons, citations, orders and other process in court proceedings, foreclosure notices, and corporation statements were omitted so that their publication would not be required in the official newspaper." State ex rel. Truax v. Smart (N. D.) 184 N. W. 623.

"Viewed in the light of the reasons for these constitutional and statutory enactments, the importance of the duties conferred upon the board so created, the necessity for the exercise of a high degree of judgment and discretion by a tribunal competent to do so, and charged with administering as a trustee of the millions in this greatest of all

state funds, our school fund, — would it not be most absurd to do otherwise than to give full force to the mandate of the Constitution and statute granting full power to this Board in the exercise of discretion and judgment in this most important part of its duties, approval of sales of state property? We must conclude such duty is wholly discretionary, and its decision as a body is a quasi-judicial determination." Fuller v. Board of University & School Lands, 21 N. D. 219, 129 N. W. 1029.

## Statement.

Bronson, Ch. J. This is an appeal from an order sustaining a demurrer to a complaint and dismissing the action.

The facts are:—Plaintiff, a corporation, is the publisher of a weekly newspaper in the city of Bismarck known as the Farmer Labor State Record. At the general election in November, 1922, this newspaper was elected and chosen as the official newspaper in Burleigh county. The defendants are the state of North Dakota, the officials constituting the Board of University and School Lands and the Bismarck Tribune Company, a corporation, publishing the Bismarck Tribune, a daily newspaper in Bismarck. The board, having custody and control of the permanent school fund of the state, has loaned large sums of money therefrom upon the security of real estate mortgages. It authorized and instructed the attorney general to foreclose a large number of such real estate mortgages. The attorney general proceeded to foreclose a large number of such mortgages by advertisement and caused to be published in the Bismarck Tribune various notices of mortgage foreclosure sales, concerning lands in Burleigh county affected by such mortgages. These notices were dated June 23rd, 1923, were signed by the state of North Dakota, as mortgagee, and the attorney general and his assistant appearing for the state and for said board. These notices contemplated six publications in the Bismarck Tribune, from June 28th, 1923, to August 2d, 1923. Plaintiff's complaint setting forth such facts seeks to restrain such publication in the Bismarck Tribune and to compel publication of such and similar notices in plaintiff's newspaper. The trial court issued an order to show cause without any accompanying temporary restraining order. Defendants

50 N. D.—16.

moved to quash the proceeding and demurred to the complaint upon the ground that no cause of action was alleged. The trial court sustained the demurrer and dismissed the proceedings. Plaintiff has appealed from its orders made in that respect.

In 1919 the legislature enacted a law (Laws 1919, chap. 187) which provided for the selection by election of an official newspaper in each county. Section 5 of the act, so far as it is necessary to be stated herein, provided that such official newspaper shall publish "all summons, citations, notices, orders and other process in actions or proceedings in the Supreme, district, county or justice courts, which are or may hereafter be required by law to be published in the respective counties of the state; all publications of every nature that now are or may hereafter be required to be published by state officers, elective or appointive; all notices of foreclosure of real estate or chattel mortgages or other liens on real estate or personal property foreclosed by advertisement in said county."

At the general election in November, 1920, the voters adopted an initiative measure which amended the provisions of the said § 5. Such initiative measure which became a law provided, so far as is material herein, that such official newspaper shall publish *"all publications of every nature that are now, or may hereafter be, required to be published by state officials, elective or appointive."* It eliminated the other provisions above quoted.

## Contentions.

Plaintiff contends:—That the publications involved are publications *required by law to be published by state officials;* that the state can act only through its officers; that the initiated act requires all publications to be published and therefore includes notices of mortgage foreclosure sales; that the concluding part of the initiated act clearly indicated an intention to include in a general declaration all publications required to be published by state officials; that the initiated measure which eliminated the requirement of publishing all notices of mortgage foreclosures expressed an intention to permit private individuals to select a paper of their choice in publishing foreclosure notices but otherwise intended to require publication of notices by state

officials to be made in the official newspaper; that the mandate of the statute requiring all publications of every nature required to be published by state officials to be published in the official newspaper can be made effective only by requiring such publication of official state notices of foreclosure sales.

## Decision.

It may be noted that the Act of 1919 requires all summons, citations, notices, etc., and other proceedings in courts required by law to be published in the respective counties to be published in the official newspaper. It required also all notices of foreclosure by advertisement of real estate or chattel mortgages or other liens on real estate or personal property to be so published. The initiated act adopted in 1920 eliminated these requirements and preserved the requirement of the act of 1919 that all publications of every nature now or hereafter to be published by state officials should be published in the official newspaper.

In other words, the original Act of 1919, *generally* provided that all publications of every nature to be published by state officials should be published in an official newspaper and *specifically* provided that all notices of mortgage foreclosures by advertisement should be published in an official newspaper. If the contention made by the plaintiff must be given full force then all summons, citations, and other proceedings in the courts required by law to be published and all foreclosure notices by state officials must be published in an official newspaper by reason of the requirement contained in the initiated act that all publications of every nature required to be published by state officials shall so be published in the official newspaper. In other words, under such contention the specific prescriptions contained in the Act of 1919 were in the nature of surplusage so far as they applied to official acts of State officers.

This court said, in State ex rel. Truax v. Smart, 48 N. D. 326, 184 N. W. 624, that such matters as summons, citations, orders and other process in court proceedings, foreclosure notices and corporation statements were omitted so that their publication would not be required in the official newspaper. Plaintiff's counsel contends that this was an

obiter dictum in such opinion. We are of the opinion that the statement thus made in such opinion was then, and is now, upon the facts in this case, correct; that upon proper statutory interpretation applicable to the elimination of phraseology in a statute, where a specific prescription is made, it was the intention of the initiated act not to require the publication of mortgage foreclosure sales made by state officials in an officials newspaper; that the publication of mortgage notices was considered in a class of its own and particularly so when the cognate law concerning the foreclosure of mortgages given to the state, provides that foreclosure thereof may be had in the same manner and upon the same notice as is required in other real estate foreclosures. Comp. Laws, 1913, § 292. The orders are affirmed.

CHRISTIANSON, BIRDZELL, NUESSLE, and JOHNSON, JJ., concur.